E-FILED
Thursday, 14 January, 2010 04:23:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CATHERINE A. SHORT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09 cv 1087 |
| MICHAEL NOLAN, MICHAEL WILLIS, JASON DRAPER, LELAND BROOKE, SAMUEL FITZPATRICK, GLENN PETERS, THE VILLAGE OF DWIGHT, THE CITY OF PONTIAC, LIVINGSTON COUNTY SHERIFF, COUNTY OF LIVINGSTON, and CITY OF FAIRBURY, | ) |
| Defendants. | ) |

## O P I N I O N and O R D E R

Before the Court are the Motion to Dismiss Counts II, III, IV, and V filed by Defendants City of Pontiac and Michael Willis [Doc. 21], the Motion to Strike and Dismiss Amended Complaint (Counts II – V) filed by Defendants Michael Nolan, Glenn Peters, and the Village of Dwight [Doc. 23], the First Motion to Dismiss Counts II and III and the Motion to Strike the Requests for Punitive Damages under Counts IV and V filed by Defendant Samuel Fitzpatrick [Doc. 28], and the Second Motion to Dismiss Count III and the Motion to Strike the Requests for Punitive Damages under Counts IV and V filed by Defendant Fitzpatrick [Doc. 46].

For the reasons set forth below, the City of Pontiac's and Willis' Motion to Dismiss [Doc. 21] is GRANTED IN PART and DENIED IN PART, the Village of Dwight's, Nolan's, and Peters' Motion to Dismiss [Doc.23] is GRANTED IN PART

and DENIED IN PART, Fitzpatrick's First Motion to Dismiss and Strike [Doc. 28] is MOOT and Fitzpatrick's Second Motion to Dismiss and Strike [Doc. 46] is GRANTED.

## BACKGROUND

The following facts are taken from the Amended Complaint [Doc. 7].

Each of the named Defendants are police officers and are being sued in their individual capacity. On March 26, 2008, Defendants obtained a search warrant for apartment 10 at 140 East Mazon Avenue in Dwight, Illinois. The Defendants, however, executed the warrant on apartment 1 of the same apartment complex. Plaintiff, who resides in apartment 1, alleges that the officers forcibly entered her apartment, without knocking, and used excessive force in her arrest. In Count I, Plaintiff alleges unlawful entry, in Count II, she alleges an unreasonable seizure and the use of excessive force, and in Count III, she alleges a failure to protect claim, all in violation of the Fourth Amendment. Counts I through III are against the individual Defendants only. Plaintiff further alleges state law claims of assault (Count IV) and battery (Count V). In the last two Counts, Plaintiff seeks damages from the individual Defendants, the Village of Dwight, the City of Pontiac, and the Livingston County Sheriff. Plaintiff further seeks punitive damages from the individually named Defendants.

The Village of Dwight, the City of Pontiac, the City of Fairbury, Livingston County and the Livingston County Sheriff are being sued as "necessary parties" to the Constitutional claims. The Village of Dwight, the City of Pontiac and the

Livingston County Sheriff are also being sued under a theory of *respondeat superior* for the state law claims of assault and battery.

## DISCUSSION

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view a complaint in a light most favorable to the plaintiff. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). The Court must accept all well-pleaded factual allegations and draw all reasonable inferences from those facts in favor of the plaintiff. Richards v. Kiernan, 461 F.3d 880, 882 (7th Cir. 2006). A plaintiff is not required to plead extensive facts, legal theories, or to anticipate defenses. Massey v. Merrill Lynch and Co., Inc., 464 F.3d 642, 650 (7th Cir. 2006). However, a plaintiff must "provide the grounds of his entitlement to relief" that are "more than labels and conclusion [] [or] a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-1965 (2007) (citations and editing marks omitted). In particular, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Defendants seek dismissal of Counts II, III, IV and V, dismissal of the City of Pontiac, the Village of Dwight, and the City of Fairbury, and striking of the punitive damages requests in Counts IV and V. In response, Plaintiff generally avers that the City of Pontiac, the Village Dwight, and the City of Fairbury are not proper parties with respect to Counts I and II, and that Count III should be dismissed for failure to state a claim.

## COUNT II

As indicated above, in Count II, Plaintiff alleges that the individual Defendants deprived her of the "right to be free from illegal seizure and excessive force . . . ." Defendants Willis and City of Pontiac[1] argue that Count II is duplicative of Count I, wherein Plaintiff alleges unlawful search and seizure, and that Count II improperly "commingle[s] various theories and individuals in a single count." The case authority cited by these Defendants do not support their arguments and are not controlling authority. Bainerd v. Potratz, 421 F.Supp. 836 (D.C. Ill. 1976), involved an argumentative and confusing complaint that failed to state a claim and that made a responsive pleading impossible. There is no argument here that Plaintiff's complaint is either confusing or argumentative; nor is there any showing that Count II fails to state a claim. The cited section of In re Livent, Inc. Noteholders Securities Litigation, 151 F.Supp.2d 371 (S.D.N.Y. 2001), involves inconsistent pleadings of facts – there is no argument here that Plaintiff is alleging inconsistent facts. Id. at 407. As such, Defendants have cited no case authority that mandates the dismissal of Count II. Defendants remaining argument, that the Count alleges broad claims against all Defendants also is without merit. These Defendants assert that they were not involved in Plaintiff's arrest. This argument, however, interposes facts that cannot be considered on a motion to dismiss. Such arguments should be made in a motion for summary judgment.

---

[1] Defendants Michael Nolan, Glenn Peters, and Village of Dwight offer the same argument as Defendant Willis and the City of Pontiac.

As the Court reads Count I, Plaintiff alleges that Defendants violated the Fourth Amendment by entering her apartment without a warrant or other justification. Count II alleges that Defendants unreasonably seized her and used excessive force in the seizure. The Counts are not duplicative.

Moreover, Rule 10 (cited by Defendants Nolan, Peters and Village of Dwight in their memorandum) provides only that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Defendants do not elaborate how, by coupling excessive force with unreasonable seizure, Plaintiff is in violation of Rule 10. A claim under the Fourth Amendment is made out by allegations that officers both seized Plaintiff and used objectively unreasonable (excessive) force. See Graham v. Connor, 490 U.S. 386, 395-396 (1989); Marion v. City of Corydon, Indiana, 559 F.3d 700, 705 (7th Cir. 2009) ("We use the Fourth Amendment, which prohibits unreasonable seizures, to analyze claims that law enforcement officers used excessive force."). An excessive force claim can only be made by coupling allegations of excessive force and unreasonable seizure.

## COUNT III

Plaintiff acknowledges that this Count, which alleges a failure to protect claims, fails to state a claim for which relief may be granted. As such, this Count is DISMISSED WITH PREJUDICE.

## COUNTS IV AND V

Defendants Willis and City of Pontiac essentially argue that Plaintiff has failed to allege sufficient facts to support her claims of assault and battery and that,

5

in any event, Willis did not commit assault or battery. Federal Rule of Civil Procedure 8(b) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff is not required to "prove" the allegations in her Complaint; she is merely required to allege sufficient information that would show an entitlement to relief and that would allow a Defendant to formulate a responsive pleading. Plaintiff is not required to spell out each act in detail that would constitute an assault or battery. Nor is Plaintiff required to detail each discreet act committed by each Defendant. By including each Defendant in this Count, the Court assumes that Plaintiff in good faith believes that each of the Defendants committed assault and battery. The Complaint contains sufficient information to allow Defendants to formulate an answer. As indicated above, facts which show that Plaintiff is not entitled to relief must be the subject of a motion for summary judgment.

## LIABILITY OF THE CITY OF PONTIAC AND VILLAGE OF DWIGHT

Plaintiff has included as Defendants municipalities under a theory of *respondeat superior* with respect to the state law claims of assault and battery and because they have a "responsibility to indemnify the individual defendants' liability for official-capacity judgments . . ." with respect to the federal claims. Tellingly, the Complaint only alleges claims against the individual Defendants in their individual capacity: i.e. there are no official capacity claims against Defendants.[2] Accordingly,

---

[2] In the Complaint, Plaintiff cites to Carver v. Sheriff of LaSalle County, Illinois, 324 F.3d 947 (7th Cir. 2003), for her belief that the Cities, the Village, the Livingston County Sheriff, and the County of Livingston, are responsible for any judgment she may acquire against the individual Defendants. Carver, however, holds that a

6

Plaintiff acknowledges that her federal claims (Counts I and II) are not brought against the municipalities. These Defendants do not address whether they may be liable under a theory of *respondeat superior* for Plaintiff's state law claims. As such, they will not be entirely dismissed at this juncture. See Brown v. King, 767 N.E.2d 357 (Ill. App. Ct. 2001) ("as a general rule, a municipality may be held liable for the tortuous acts of police officers acting in the scope of their employment").

**FITZPATRICK'S MOTIONS TO DISMISS AND STRIKE
[DOCS. 28 AND 46]**

Defendant Fitzpatrick filed his first Motion to Dismiss and Strike on May 18, 2009 [Doc. 28]. It appears that Plaintiff failed to file a timely response to this Motion.[3] Defendant Fitzpatrick's second Motion to Dismiss [Doc. 46] appears identical to the first except that it omits an argument related to Count II. Plaintiff timely filed a response to this Motion on October 21, 2009 [Doc. 50]. And, on November 4, 2009, Defendant filed a reply brief [Doc. 52].

Local Rule 7.1(B)(2) provides that a response shall be filed within fourteen (14) days after service of the Motion. Failure to file a response may lead to the presumption that Plaintiff has no opposition. Mechanical application of this Local Rule to this case would be meaningless as Defendant was granted leave to file a

---

county is an indispensable party to federal litigation because the county is liable for damages imposed upon elected county officers in their official capacity. Id. at 948. In this case, the Defendants are being sued in their individual capacities and there is no indication that the police officers are elected officials. Therefore, as Plaintiff must acknowledge, Carver has no application to this case and these Defendants may not be liable for any damages she may recover from the individual Defendants on her federal claims.

[3] Document 38 is listed as a response to Document 28. However, it is clear from the caption of Document 38 that it is a response to the Motion to Dismiss filed by the City of Pontiac and Willis and that it is duplicative of Document 32.

virtually identical second Motion to Dismiss and Plaintiff timely responded to that Motion. As such, this Court will consider the second Motion to Dismiss and finds the First Motion to Dismiss (and Strike) MOOT. However, Local Rule 7.1(B)(3) provides that no reply to a response is permitted. Therefore, Defendant's reply brief [Doc. 52] is STRICKEN. Finally, Plaintiff's initial argument in her response brief [Doc. 50] is that the Motion to Dismiss is untimely. Plaintiff provides no explanation of why an alias summons was issued or why the summons was served upon the Fairbury Chief of Police (as an agent) and not upon Defendant himself (that is, Plaintiff provides no explanation of how she determined that Defendant Fitzpatrick, an individual, should not be served personally).

The foregoing discussion leaves only Fitzparick's argument that the punitive damages prayer in Counts IV and V should be stricken pursuant to Illinois' Local Governmental and Governmental Employees Tort Immunity Act. 745 ILL. COMP. STAT. § 10/2-102 (hereinafter the "Act"). Federal Rule of Civil Procedure 12(f) provides that the Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." The burden on a motion to strike is upon Defendant.

The Act provides:

[N]o public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative, or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party. 745 ILL. COMP. STAT. 10/2-102.

Defendant argues that, as a police officer executing a warrant, he was a public official serving in an official executive capacity. To support his argument,

Defendant cites to Reese v. May, 955 F.Supp. 869 (N.D. Ill. 1996), in which police officers claimed immunity from punitive damages for state law claims of false arrest, false imprisonment, and malicious prosecution.[4] Plaintiff appears to acknowledge that Defendant is a public official serving in an executive capacity; however, she argues that he is not shielded from punitive damages because he is being sued in his individual capacity and because committing an intentional tort "is not a discretionary or government function." Neither party cites to, nor has this Court found, any controlling authority that would definitively find that police officers, acting within the scope of their employment, are immune from a claim of punitive damages. The parties do, however, point to some persuasive authority.

In Reese, the court first held that the Act provided immunity if two criteria were met: "(1) the defendants must be 'public officials' within the meaning of the statute, and (2) they must have been serving in an 'official executive, legislative, quasi-legislative or quasi-judicial capacity' when they engaged in the actions that allegedly resulted in the plaintiff's injury." Id. at 873. The Court next noted that the Act did not define "public official," there was little judicial authority in aiding in the interpretation of the statute, and the statute was ambiguous. In light of these gaps, the Court examined the legislative history of the Act to determine whether the defendant police officers were immune from a claim of punitive damages. Id. After an extensive analysis, the Court determined that "public official" as used in the Act means "a public employee who exercises discretion in the performance of

---

[4] The Claims in Reese were related to a traffic stop in which one officer confiscated the plaintiff's license because he believed it was altered and where another officer, after an investigation, procured an arrest warrant for the plaintiff without presenting all the facts to a judge. Id.

9

uniquely governmental functions." Id. at 875. The Court then found that the defendant police officers are public officials because they were "clearly engaged in discretionary acts uniquely related to their particular government offices." Id. at 875. The Court further determined that "[a] police officer who is endowed by executive authority with the power to effectuate and enforce the law, clearly acts in an 'executive' capacity." Id. at 877. Thus, the police officers, who were sued in their individual capacity, are governed by the statute and are immune from claims of punitive damages.

This same conclusion was reached by a number of other district courts: Steinway v. Village of Pontoon Beach, 2009 WL 1940431 (S.D. Ill. 2009) (finding police officers immune from punitive damages claims related to, among other things, an assault and battery claim); Campbell v. City of Johnston City, 2005 WL 3440726 (S.D. Ill. 2005) (finding a police officer immune from punitive damages on a state law battery claim); Holmes v. Village of Hazel Crest, 1993 WL 1555000 (N.D. Ill. 1993) (dismissing punitive damages claims pursuant to the act against police officers accused, among other things, of battery); But see Bedenfield v. Shultz, 2002 WL 1827631 (N.D. Ill. 2002) (finding that police officers sued in their individual capacity are not immune from punitive damages under the act); McCray v. Hermen, 2000 WL 684197 (N.D. Ill. 2000) (same); McNamara v. Foley, 1998 WL 409412 (N.D. Ill. 1998) (finding that a police officer sued in his official capacity is immune from a punitive damages claim, but also finding that an officer "acting outside the scope of his official employment" is not governed by the act).

10

This court finds the analysis and conclusion of <u>Reese</u> persuasive and adopts the same. This Court further finds the conclusion of <u>Bedenfield</u> and <u>McCray</u> unpersuasive because these cases contained no analysis or discussion of why the courts found that individual capacity suits are outside of the ambit of the act. In <u>McNamara</u>, the district court found that a police officer is a public official within the meaning of the act and that he is functioning in an executive capacity. <u>Id.</u> 1998 WL 409412 at *9 (citing <u>Reese</u>, 955 F.Supp. at 876-877). The Court then noted that there was a split in authority as to whether a police officer, sued in his individual capacity, is governed by the Act. <u>Id.</u> at *10. The Court held that:

> Officer Foley was at McNamara's residence in his official capacity, and any discretionary actions taken in that official capacity are shielded. However, § 2-102 does not shield any and all actions taken by an on-duty police officer who is enforcing the law. At some point, a police officer can cross the line dividing discretionary law enforcement functions tailored to address the exigencies of a particular situation and actions taken outside the scope of employment. <u>Id.</u>

The Court concluded that because the complaint in that case "in essence, assaulted McNamara for no reason," his actions are outside the scope of his official employment and not governed by § 2-102. <u>Id.</u> In criticizing this conclusion, the Court in <u>Rousey v. City of Johnston City</u>, 2006 WL 314452 (S.D. Ill. 2006) held that:

> The Court further finds that the breadth given § 2-102 in <u>Reese</u> is appropriate. First, there is nothing in the text of the statute that suggests it is limited to official capacity suits. It provides immunity from punitive damages 'in any action arising out of an act or omission made by the public official while serving in an official executive . . . capacity, brought *directly or indirectly* against him . . .' []. The use of the italicized phrases indicate an intention to convey the immunity broadly. Furthermore, this Court disagrees with <u>McNamara</u> that officer's egregious acts during their employment can fall outside the scope of their employment, and thus outside of the protection of § 2-102. The Illinois Supreme Court has held that official acts include unlawful ones under color of law: 'Official acts in the performance of

> the duties of an office do not mean simply the lawful acts of the officer holding that office, but include all acts done in his official capacity, under color and by virtue of that office.' People ex rel. Woll v. Graber, 394 Ill. 362, 68 N.E.2d 750, 756 (Ill. 1946). Id. at *4 (additional citations omitted).

This Court is in agreement with Rousey: The act broadly governs those discretionary actions by police officers who are engaged in their official and unique duties.

In the case at bar, the Complaint alleges that each of the Defendant police officers were "acting in the course and scope of his employment." Counts IV and V further allege that during the course of executing the warrant and arresting Plaintiff, the officers committed a battery and assaulted Plaintiff. While such conduct is unfortunate, the actions were clearly alleged to have taken place while the officers were executing their official duties. As such, the Defendants' actions fall under the immunity umbrella granted by the Act to public officials performing executive functions. Plaintiff's punitive damages claims against all Defendant police officers[5] are hereby STRICKEN.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss Counts II, III, IV, and V filed by Defendants City of Pontiac and Michael Willis [Doc. 21] is GRANTED IN PART AND DENIED IN PART, the Motion to Strike and Dismiss Amended Complaint (Counts II – V) filed by Defendants Michael Nolan, Glenn Peters, and the Village of Dwight [Doc. 23] is GRANTED IN PART AND DENIED IN PART, the

---

[5] Only Defendant Fitzpatrick moved to strike the punitive damages requests in Counts IV and V. However, this conclusion reached by this Court applies equally to the other Defendants as the allegations are identical.

First Motion to Dismiss Counts II and III and the Motion to Strike the Requests for Punitive Damages under Counts IV and V filed by Defendant Samuel Fitzpatrick [Doc. 28] is MOOT, and the Second Motion to Dismiss Count III and the Motion to Strike the Requests for Punitive Damages under Counts IV and V filed by Defendant Samuel Fitzpatrick [Doc. 46] is GRANTED.

Count III of the Amended Complaint is DISMISSED WITH PREJUDICE, the claims against Defendants Village of Dwight, City of Pontiac, City of Fairbury, Livingston County Sheriff and County of Livingston[6] in Counts I and II are DISMISSED WITH PREJUDICE, and the prayer for punitive damages in Counts IV and V is STRICKEN. Finally, the reply brief filed on November 4, 2009 [Doc. 52] is STRICKEN.

Entered this 14th day of January, 2010

                                              s/ Joe B. McDade
                                              JOE BILLY MCDADE
                                              United States District Judge

---

[6] The last two Defendants have not filed a Motion to Dismiss. However, because Plaintiff's allegations against these two Defendants are identical to the claims against the municipalities, the same analysis would apply. The Court further notes that the claims against County of Livingston and City of Fairbury are not based on a theory of *respondeat superior* with respect to the state law claims. Rather, Plaintiff only sues these Defendants under the principle of Carver, which, as indicated above, fails to state a claim. These Defendants, however, have not sought dismissal of the claims against them. In order to clarify these proceedings, Plaintiff is GRANTED until January 27, 2009 to file an amended complaint that is consistent with this Order. The Court will assume that Plaintiff will either voluntarily dismiss the County of Livingston and the City of Fairbury or will asserts that they are liable for the state law claims under a theory of *respondeat superior*. As a final note, while the County of Livingston is listed under the caption for Counts IV and V, the payer for relief does not seek any damages from the County but rather from the Livingston County Sheriff.