UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Catherine A. Short, | ) | |
|                 Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 09-1087 |
| | ) | |
| Michael Nolan, Michael Willis, Jason | ) | |
| Draper, Leland Brooke, Samuel | ) | |
| Fitzpatrick, Glenn Peters, Village of Dwight, | ) | |
| City of Pontiac, Livingston County Sheriff, | ) | |
| County of Livingston, and City of Fairbury, | ) | |
|                 Defendant | ) | |

**REPORT AND RECOMMENDATION**

Now before the Court are motions (#58, 59, 60 and 63) for findings of good faith as to settlements Plaintiff has reached with several of the Defendants. Pursuant to Local Rule 72.1 and the oral order of May 10, 2010, the motions are before me for a report and recommendation. After carefully considering all of the submissions of the parties, and pursuant to 28 U.S.C. §636(b)(1)(B), I recommend that the motions be GRANTED.

**BACKGROUND**

The Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et seq*., provides that a tortfeasor who settles in good faith with the injured party is discharged from contribution liability. 740 ILCS 100/2(c) and (d). The term "good faith" is not defined in the Act; it must be determined by the trial court after consideration of all the circumstances. Wreglesworth v. Artco, Inc., 740 N.E.2d 444, 449 (Ill.App.2000).

Factors to consider in determining whether a settlement was made in good faith include: (1) whether the amount paid was within a reasonable range of the settlor's fair share, In re Guardianship of Babb, 642 N.E.2d 1195, 1199 (Ill.1994); (2) whether there was a close personal relationship

between the settling parties, Warsing v. Material Handling Services, Inc., 648 N.E.2d 1126, 1129 (Ill.App.1995); (3) whether the plaintiff sued the settlor, Warsing, 648 N.E.2d at 1129; and (4) whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement, Babb, 642 N.E.2d at 1200).

No single factor is determinative. Babb, 642 N.E.2d at 1199. The trial court is to consider all of the surrounding circumstances in determining whether a settlement was made in good faith. Id. at 1199; Wreglesworth ex rel. Wreglesworth v. Arctco, Inc., 740 N.E.2d 444, 449 (Ill.App.2000).

## DISCUSSION

One of the motions (#58) is filed by the County of Livingston, the Livingston County Sheriff, Leland Brooke and Jason Draper (herein, "Livingston Defendants"). That motion was supplemented and amended by a second motion for good faith findings and dismissal with prejudice (#60).

These two motions are supported by an affidavit from Brian Armstrong, one of the attorneys for the Livingston Defendants. In that Affidavit, Armstrong states that Plaintiff and the Livingston Defendants have agreed to settle for $5000, including fees and costs, following an arms-length negotiated settlement. The Affidavit attests that there is no special relationship between these Defendants and the Plaintiff, and the settlement has been revealed to all other parties in this case. No non-settling Defendant has filed any opposition to this settlement or to its good faith, and Plaintiff has filed no response to the motion.

There is nothing in the record of this case that raises any concern with respect to any of the factors identified above, nor has anything been brought to the Court's attention that casts any doubt whatsoever on the good faith of this settlement. Accordingly, for the reasons set forth in the Affidavit, I recommend that the settlement between Plaintiff and the Livingston Defendants be deemed in good faith and that Plaintiff's claims against the Livingston Defendants be dismissed with

prejudice.

The second motion (#59) is filed by the City of Pontiac and Michael Willis (herein "Pontiac Defendants"). Plaintiff responded to that motion. Her response triggered an agreed supplemental motion (#63). Plaintiff does not oppose the finding of good faith, and no non-settling Defendant has opposed it either.

These motions are supported by an affidavit from John Fleming, attorney for the Pontiac Defendants. In that Affidavit, Fleming states that Plaintiff and the Pontiac Defendants have agreed to settle for $5000, including fees and costs, following an arms-length negotiated settlement. The Affidavit attests that there is no special relationship between these Defendants and the Plaintiff, and the settlement has been revealed to all other parties in this case, who have no objection to the settlement or the good faith finding.

There is nothing in the record of this case that raises any concern with respect to any of the factors identified above, nor has anything been brought to the Court's attention that casts any doubt whatsoever on the good faith of this settlement. Accordingly, for the reasons set forth in the Affidavit, I recommend that the settlement between Plaintiff and the Pontiac Defendants, as described in the supplemental motion and the Affidavit, be deemed in good faith and that Plaintiff's claims against the Pontiac Defendants be dismissed with prejudice.

## CONCLUSION

As stated herein, I recommend that the Motions for Good Faith Findings ( #58, 59, 60 and 63) be granted and that Plaintiff's claims against County of Livingston, the Livingston County Sheriff, Leland Brooke, Jason Draper, the City of Pontiac and Michael Willis be dismissed with prejudice.

The parties are advised that any objection to this Report and Recommendation must be filed

in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. Fed.R.Civ.P.72(b); 29 U.S.C.636 (b)(1). Failure to object will constitute a waiver of objections on appeal. <u>Johnson v. Zema Sys. Corp.</u>, 170 F.3d 734, 739 (7th Cir. 1999); <u>Video Views Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538 (7th Cir. 1986).

ENTERED ON July 27, 2010.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE